UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| ANTHONY GENO MARTINSON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV422-040 |
| HINESVILLE PUBLIC DEFENDER'S OFFICE, *et al.*, | ) ) ) | |
| Defendants. | ) | |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Anthony Geno Martinson filed this 42 U.S.C. § 1983 case alleging that he was "denied access to a public defender." *See* doc. 1 at 5. The Court granted him leave to pursue this case *in forma pauperis*. Doc. 3. When he returned the required forms, however, they indicated that his average monthly deposits were inconsistent both with his prior representation and with his general allegation of poverty. His Complaint should, therefore, be **DISMISSED** because his allegation of poverty is untrue. *See* 28 U.S.C. § 1915(e)(2)(A). Alternatively, his Complaint should be **DISMISSED** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also* 28 U.S.C. § 1915A.

First, Martinson has requested that the Court appoint counsel to represent him in this matter. *See* doc. 7. He has no constitutional right to counsel in this civil case. *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." *Id.* (citing *Bass*, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). Moreover, as this Court has explained, "prisoners do not receive special consideration [for appointed counsel] notwithstanding the challenges of litigating a case while incarcerated." *Hampton v. Peeples*, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015) (collecting cases).

The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). A review of the record and pleadings in this case reveals no such "exceptional circumstances" warranting the appointment of counsel. This case is not so complex, legally or factually, as to prevent plaintiff from presenting "the essential merits of his position" to the Court. His request for appointment of counsel is **DENIED**. Doc. 7.

Martinson's original request to proceed *in forma pauperis* did not indicate that he was indigent. *See* doc. 2 at 2. It did, however, indicate that he received limited income from Social Security, had significant dependent expenses, and had access to limited funds while incarcerated. *Id.* Specifically, Martinson disclosed that his prison trust account had a balance of $5.02 and total deposits of $564.00. *Id. see also* doc. 14 at 2. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss [an *in forma pauperis*] case at any time

3

if the court determines that . . . the allegation of poverty is untrue . . . ." 28 U.S.C. § 1915(e)(2)(A). Once a plaintiff is proceeding *in forma pauperis* and the Court determines that the allegation of poverty is untrue, dismissal is mandatory. *See, e.g., Pinkston v. Univ. of S. Fla. Bd. of Tr.*, 2016 WL 1238713, at *2 n. 4 (M.D. Fla. Feb. 25, 2016); *Flowers v. Life University*, 2006 WL 562192, at *1 (N.D. Ga. Mar. 7, 2006) (citing *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305 (7th Cir. 2002)).

Martinson's account information reflects discretionary funds otherwise sufficient to pay the required filing fee and shows that he should not be permitted to proceed *in forma pauperis*. *See Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (litigant who "has no room and board expenses . . . and is able to spend his income on completely discretionary items" was properly denied leave to proceed *in forma pauperis*). Despite balances generally insufficient to pay the filing fee, as another court has observed, "[i]f every inmate were permitted to simply spend funds in the canteen to avoid paying a filing fee, the *in forma pauperis* review would be a waste of judicial time and effort." *Briand v. Florida*, 2006 WL 1890189, at *1 (N.D. Fla. July 10, 2006); *see also, Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) ("The district

4

judge was entitled to consider [plaintiff's] own economic choices about how to spend his money, as between his filing fee and comforts purchased in the prison commissary . . ."); *Lumbert v. Ill. Dept. of Corrs.*, 827 F.2d 257, 260 (7th Cir. 1987) ("If the inmate thinks a more worthwhile use of his funds would be to buy peanuts and candy . . . than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor."). The only expenditures reflected in Martinson's account information are commissary purchases and "telephone time." Doc.14 at 2. Based on Martinson's spending patterns, the Court should find that his allegation of poverty is untrue and **DISMISS** this case, pursuant to 28 U.S.C. § 1915(e)(2)(A).

Even if the District Judge disagrees with the undersigned's recommendation concerning Martinson's allegation of poverty, his Complaint should still be dismissed.[1]  Notwithstanding Martinson's qualification to proceed *in forma pauperis*, the Court is required to screen his Complaint, pursuant to 28 U.S.C. § 1915A.  *See also* 28 U.S.C. § 1915(e)(2)(B).  Because the Court applies Federal Rule of Civil Procedure

---

[1] The Eleventh Circuit has recognized that payment of the required filing fee is not a jurisdictional requirement. *See White v. Lemma*, 947 F.3d 1373, aa378-79 (11th Cir. 2020).

12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). Martinson's Complaint fails to state a claim.

In order to prevail on a civil rights action under § 1983, a plaintiff must establish that he was "deprived of a federal right by a person acting under color of state law." *Almand v. DeKalb Cty.*, 103 F.3d 1510, 1513 (11th Cir. 1997). Martinson names the "Hinesville Public Defender[']s Office" as a defendant in this case, *see* doc. 1 at 1, but such "offices" are not persons subject to suit under § 1983. *See, e.g., Ashley v. Colohan*, 2010 WL 322741, at *3 (S.D. Ga. Jan. 27, 2010) (collecting cases). He has also named William Porter, an assistant public defender, as a defendant. *See* doc. 1 at 2. The Supreme Court has concluded "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *see also Wahl v. McIver*, 773 F.2d

1169, 1173 (11th Cir. 1985) (finding public defender "did not act under 'color of state law' notwithstanding his appointment as counsel by a judicial officer"). As defendant Porter's actions, or inactions, as a public defender were not performed "under color of state law," he cannot be sued under § 1983. Accordingly, Martinson's claims should be **DISMISSED**.

In summary, Martinson's request for appointed counsel is **DENIED**. Doc. 7. Since the information concerning his spending while incarcerated indicates that he does not qualify to proceed *in forma pauperis*, his Complaint should be **DISMISSED**, pursuant to 28 U.S.C. § 1915(e)(2)(A). Alternatively, the allegations in his Complaint fail to state a claim upon which relief may be granted. For that separately independent reason, then, his Complaint should also be **DISMISSED**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for

additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 13th day of April, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA